IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMIE LEON JONES, | § | |
| TDCJ-CID NO. 621318, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-11-0886 |
| RICK THALER, | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Tommie Leon Jones, also known as Tommy Leon Jones, a state inmate proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge the revocation of his parole and the parole revocation proceeding. (Docket Entry No.1). Because petitioner has failed to exhaust his state court remedies, the Court will dismiss this action.

## BACKGROUND

In April 1992, petitioner was convicted in the 8th State District Court of Brazos County, Texas, of burglary of a building with intent to commit theft in cause number 20,852-B, for which the state district court sentenced him to twenty-five years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). (Docket Entry No.1). Petitioner claims that his parole was revoked on December 22, 2009, although he provides no details regarding the revocation. (*Id.*).

Plaintiff filed a civil rights complaint in this Court in which he provided the following details regarding his parole revocation, in pertinent part:

> Jones explains that, in May of 2007, he was convicted of making a "terroristic threat" against Maxine Vaughn, who was formerly on the City Council for the municipality of Hearne, Texas. Jones reports that, although the conviction was reversed on appeal in 2008, the offense was used to revoke his parole. Jones complains that he did not receive adequate notice of his parole revocation hearing and that "false statements" were used against him during this proceeding. Jones

maintains, therefore, that his parole revocation proceeding violated his right to due process, among other things.

Jones sues his parole officer (Emily Ball), her supervisor (Kevin Foltz), and Vaughn for the wrongful revocation of his parole. Jones complains that these defendants engaged in obstruction of justice, conspiracy, altering of government documents, and that their actions in connection with his parole revocation proceeding have resulted in his false imprisonment. Jones also sues the Texas Board of Pardons and Paroles and Administrator Troy Fox, alleging that the parole revocation has wrongfully extended the 25-year prison sentence that he received previously for burglary of a building.

*Jones v. Texas Bd. of Pardons and Paroles*, Civil Action No.H-10-2825 (S.D. Tex. Aug. 12, 2010). A letter from Troy Fox dated March 29, 2010, which petitioner attached to the pending petition, reflects that at the parole revocation hearing in December, petitioner was charged with eight allegations of technical parole violations. (Docket Entry No.1-3, page 5). Troy indicated that petitioner was not entitled to a preliminary hearing because he was charged with a technical or administrative violation of his parole. (*Id.*). A panel of the Texas Board of Pardons and Paroles revoked petitioner's parole on January 5, 2010. (*Id.*). Petitioner's Motion to Reopen was denied. (*Id.*).

Petitioner filed a Motion for Recusal in the 85th State District Court of Brazos County on November 29, 2010. Brazos County website.[1] The motion was denied on December 6, 2010. *Id.* Petitioner filed a state habeas application challenging the parole revocation in the 85th State District Court of Brazos County on December 14, 2010. (Docket Entry No.1-2, page 1). The Texas Court of Criminal Appeals dismissed the application on January 12, 2011, for non-compliance and ordered the application be returned to petitioner. Texas Court website.[2]

---

[1]
http://justiceweb.co.brazos.tx.us/Scripts/UVlink.isa/bodreaux/WEBSERV/CriminalSearch?action%253Dview%26track%253D268201928
[2] http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2432400

Public records reflect that petitioner has an Original Writ of Mandamus pending in the Texas Court of Criminal Appeals.  *Id.*  Petitioner indicates that he does not have any habeas corpus proceedings pending in either federal or state court relating to the proceeding under attack. (Docket Entry No.1, page 8).

In the pending habeas action, executed on February 25, 2011, petitioner seeks federal habeas relief on the following grounds:

1.     The State illegally added stipulations to petitioner's parole guidelines that violated petitioner's state and federal constitutional rights and the illegal stipulation was used to re-incarcerate petitioner;

2.     Petitioner's due process rights were violated because he was denied proper notice of the revocation hearing, and denied an evidentiary hearing;

3.     Petitioner's parole officer, Emily Ball, altered public information and distributed confidential information to Maxine Vaughn, and committed perjury by lying at the revocation hearing.

(*Id.*, page 7).

<u>DISCUSSION</u>

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  The petitioner must give the highest state court a fair opportunity to rule on the claim, which requires the petitioner to present his claims in accordance with the court's procedural rules.  *Mercadel v.*

3

*Cain*, 179 F.3d 271, 275 (5th Cir. 1999).  Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.  *See* 28 U.S.C. § 2254 (b)(1)(B).

Claims regarding parole revocation procedures are cognizable under Article 11.07 of the Texas Code of Criminal Procedure.  *Ex parte Evans*, 964 S.W.2d 643, 648 (Tex. Crim. App. 1998) (citing *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995)).  As with claims pertaining to a criminal trial, a prisoner must file an application for state habeas corpus relief in the court and county in which he was convicted.  *See id.* citing *Ex parte Woodward*, 619 S.W.2d 179 (Tex. Crim. App. 1981) and *Ex parte Alexander*, 861 S.W.2d 921, 922 (Tex. Crim. App.1993).

Petitioner's pleadings and public records show that petitioner has not presented his claims to the state courts in a procedurally proper manner according to the rules of the state courts; therefore, the claims raised in the present petition are unexhausted.  Because state process remains available, petitioner does not satisfy any statutory exception to the exhaustion doctrine. Accordingly, this case is subject to dismissal for failure to exhaust.  Comity requires this Court to defer until the Texas Court of Criminal Appeals has completed its review of petitioner's claims. Accordingly, this petition is subject to dismissal under 28 U.S.C. § 2254 for failure to exhaust.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."

4

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack,* 529 U.S. at 484).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument.  *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable.  Therefore, a certificate of appealability from this decision will be DENIED.

CONCLUSION

For these reasons, the Court ORDERS as follows:

1.    The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.    A certificate of appealability is DENIED.

3.    All other pending motions are DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas, this 12th day of April, 2011.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE